COOLEY LLP
MATTHEW D. CAPLAN (260388)
(mcaplan@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
ROBLOX CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, a minor, represented by her proposed court-appointed guardian ad litem, MARY DOE,<br><br>Plaintiff,<br><br>v.<br><br>ROBLOX CORPORATION and DOES 1-50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT ROBLOX CORPORATION'S NOTICE OF REMOVAL OF ACTION** |

**PLEASE TAKE NOTICE** that Defendant Roblox Corporation ("Roblox") hereby removes the above-entitled action filed by Plaintiff Jane Doe ("Plaintiff") from the Superior Court for the State of California, in and for the County of San Mateo, to the United States District Court for the Northern District of California. For the reasons set forth below, this Court has jurisdiction under 28 U.S.C. §§, 1332, 1441 and 1446.

## I. BACKGROUND

1. On May 19, 2025, Plaintiff filed an unverified Complaint for Damages ("Complaint") in the Superior Court for the State of California, in and for the County of San Mateo, thereby initiating the civil action ("Action"), identified as Case No. 25-CIV-03864, *Jane Doe v. Roblox Corporation* ("Complaint"). A copy of the Complaint is attached hereto as Exhibit A.

2. Pursuant to 28 U.S.C. § 1446(a), Roblox files with this Notice of Removal ("Notice") a copy of all process, pleadings, and orders filed in the Action. Exhibit B is a copy of the state court civil cover sheet. Exhibit C is a copy of the Proposed Summons. Exhibit D is a Notice of Assignment for All Purposes. A copy of the state court Register of Actions in the Action is attached as Exhibit E.

3. Roblox is the only named defendant and has not been served with a copy of the complaint. A review of the Register of Actions of the Superior Court for the County of San Mateo indicates that no proofs of service of the summons and complaint on any party has been filed.

## II. REMOVAL IS TIMELY

4. This Notice of Removal ("Notice") is timely filed pursuant to 28 U.S.C. §1446(b), as it is being filed 1 day after the Complaint was filed with the Superior Court of San Mateo.

5. Because Roblox is the only defendant, no one else is required to join in or consent to this removal. *See* 28 U.S.C. § 1446(b)(2) (all defendants "who have been properly joined and served must join in or consent to the removal of the action.").

6. The Complaint asserts seven causes of action: (1) Fraudulent Concealment and Misrepresentation, (2) Negligence – General, (3) Negligence – Failure to Warn, (4) Negligence – Unreasonable Design, (5) Negligent Undertaking, (6) Strict Liability – Design Defect, and (7) Strict Liability – Failure to Warn. *See* Ex A. Plaintiff's claims are based on her use of the Roblox

platforms.

**III. REMOVAL IS PROPER BECAUSE SUBJECT MATTER JURISDICTION EXISTS.**

7. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

8. 28 U.S.C. § 1332(a) grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. This case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441, 1446.

**Diversity of Citizenship Exists.**

9. Plaintiff alleges that she is a citizen of Indiana with a principal place of residence in Wabash County. *See* Ex. A ¶ 8. For diversity purposes, a person is a "citizen" of the place in which she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Thus, Roblox alleges that Plaintiff is a citizen of Indiana.

10. As alleged in Plaintiff's complaint, Roblox is a Delaware corporation with a principal place of business in San Mateo, California. Ex. A ¶ 11. Accordingly, Defendant is deemed a citizen of Delaware and California, which is diverse from Plaintiff's citizenship.

11. Although Plaintiff may argue that 28 U.S.C. § 1441(b)(2) precludes removal because certain of "the parties in interest properly joined and served as defendants [are] citizen[s] of the state in which such action is brought," that argument fails because Roblox, the only defendant, has not been served with the Complaint. Courts in this district have repeatedly held that "a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim." *Sherman v. Haynes & Boone*, No. 14-CV-01064-PSG, 2014 WL 4211118, at *1 & n.8 (N.D. Cal. Aug. 22, 2014) (citing cases); *see also Regal Stone Ltd. v. Longs Drug Stores Cal.*, LLC, 881 F. Supp. 2d 1123, 1127 (N.D. Cal. 2012) (holding that courts in this district "hold that the clear and unambiguous language of the statute only prohibits removal after a properly joined forum defendant has been served"). By its

plain language, 28 U.S.C. § 1441(b)(2) permits an in-state defendant who has ***not*** been both joined and served to remove a case to federal court on the basis of diversity jurisdiction. *Monfort v. Adomani, Inc.*, No. 18-CV-05211-LHK, 2019 WL 131842, at * 4 (N.D. Cal. Jan. 8, 2019)*; see also Loewen v. McDonnell*, 2019 WL 2364413, at *7-10 (N.D. Cal. June 5, 2019). The same analysis applies here.

**The Amount In Controversy Exceeds $75,000.**

12. The Complaint's allegations also meet the amount in controversy requirement.

13. To meet the amount in controversy threshold, a notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Schneider v. Ford Motor Co*., 756 F. App'x 699, 700 (9th Cir. 2018) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014)). A court may consider various forms of relief sought in the complaint to determine the amount in controversy. *See also Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[T]he amount in controversy may include damages, costs of compliance with injunctions, and attorneys' fees awarded under contract or fee shifting statutes.") (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)).

14. In considering the amount in controversy, what matters is the amount put in controversy by plaintiff's complaint. "[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Id.* (emphasis in original); *accord Deehan v. Amerigas Partners, L.P*., 2008 WL 4104475, at *2 (S.D. Cal. Sept. 2, 2008); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. May 1, 2007). Further, a defendant's burden of proof on removal "is not daunting, as courts recognize that . . . a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn*, 536 F. Supp.

2d at 1204–05 (emphasis in original; internal quotation marks omitted).

15. Plaintiff's complaint seeks a recovery vastly in excess of $75,000. Plaintiff seeks compensatory damages and punitive damages for each of her claims. Ex. A ¶¶ 168-69, 193-94, 212-13, 234-35, 253-54, 280-81, 299-300.

16. Additionally, in her prayer for relief, Plaintiff seeks to recover: (1) "general damages … to compensate Plaintiff for injuries sustained as a result of the use of each Defendant's product, including but not limited to physical pain and suffering, mental anguish, loss of enjoyment of life, emotional distress, and expenses for medical treatments," (2) "[p]ast, present, and future economic and special damages," (3) "[i]mpaired earning capacity," (4) "[m]edical expenses, past and future," (5) "[p]unitive or exemplary damages," (6) "attorneys' fees," (7) "costs of suit," (8) "[p]re-judgment and post-judgment interest as provided by law," and (9) "[f]or non-monetary injunctive relief." Ex. A at 77-78.

17. Without conceding liability, appropriateness of class treatment, appropriateness of Plaintiff's class definition, or the validity of Plaintiff's claim for relief, the face of the Complaint plausibly establishes that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

## IV. VENUE AND ASSIGNMENT

Removal to this judicial district and division is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because the Superior Court action was originally pending in San Mateo County. Under Civil Local Rule 3-2(d), cases removed from San Mateo shall be assigned to the San Francisco or Oakland divisions.

## V. NOTICE TO THE SUPERIOR COURT OF SAN MATEO COUNTY

Roblox will promptly file and serve a true and correct copy of this Notice of Removal and all documents filed in support thereof with Plaintiff and the clerk of the Superior Court of the State of California for the County of Mateo, as required by 28 U.S.C. § 1446(d). Roblox reserves the right to amend and/or supplement this Notice of Removal.

Dated: May 20, 2025

COOLEY LLP

By: */s/ Matthew D. Caplan*
Matthew D. Caplan

Attorneys for Defendant
ROBLOX CORPORATION